UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: Stryker Rejuvenate and ABG II Hip Implant Products Liability Litigation | MDL No. 13-2441 (DWF/FLN) |
| This Document Relates to:<br><br>DOUGLAS SWAHL, JENNIFER SWAHL<br><br>Plaintiff(s),<br><br>vs.<br><br>HOWMEDICA OSTEONICS d/b/a STRYKER ORTHOPAEDICS, STRYKER CORP., STRYKER SALES CORPORATION and STRYKER IRELAND LIMITED,<br><br>Defendants. | **SHORT FORM COMPLAINT AND JURY TRIAL DEMAND** |

1. Plaintiffs, Douglas Swahl and Jennifer Swahl, state and bring this civil action in MDL No. 2441, entitled *In Re: Stryker Rejuvenate and ABG II Hip Implant Products Liability Litigation*. Plaintiffs are filing this Short Form Complaint as permitted by Pretrial Order #10 dated January 23, 2014 of this Court.

## PARTIES, JURISDICTION AND VENUE

2. Plaintiff, Douglas Swahl, is a resident and citizen of the State of Pennsylvania and claims damages as set forth below.

3. Plaintiff's Spouse, Jennifer Swahl, is a resident and

citizen of the State of Pennsylvania and claims damages as set forth below.

4. Venue of this case is appropriate in the United States District Court, Eastern District of Pennsylvania. Plaintiff states that but for the Order permitting directly filing into the District of Minnesota pursuant to Pretrial Order No. 4, Plaintiff would have filed in the United States District Court, Eastern District of Pennsylvania. Therefore, Plaintiff respectfully requests that at the time of transfer of this action back to the trial court for further proceedings that this case be transferred to the above referenced District Court.

5. Plaintiff brings this action :

__X__          On behalf of himself

_____          ~~In a representative capacity as the _____ of the _____ having been duly appointed as the _____ by the _____ Court of _____. A copy of the Letters of Administration for a wrongful death claim is annexed hereto if such letters are required for the commencement of such a claim by the Probate, Surrogate or other appropriate court of the jurisdiction of the decedent.~~

## **FACTUAL ALLEGATIONS**

<u>Allegations as to **Right-Side** Implant/Explant Surgery(ies):</u>   *[Cross out if not applicable]*

6. Plaintiff was implanted with a Rejuvenate / ~~ABG II~~ Modular hip stem on his right hip on or about March 28, 2011, at The Chester County Hospital 701 East Marshall Street, in West Chester. PA 19380, by Dr. Cheston Simmons, M.D.

7. Plaintiff had the right hip stem at issue explanted on June 15th, 2021, at Penn Presbyterian Medical Center 51 N. 39th Street, Myrin Basement in Philadelphia. PA by Dr. Gwo-Chin Lee, MD.

8. ~~Plaintiff will have the right hip stem at issue explanted on or about _____, at _____ (medical center and address) by Dr. _____.~~

9. ~~Plaintiff has not yet scheduled a surgery for explantation of the right hip stem at issue.~~

Allegations as to **Left-Side** Implant/Explant Surgery(ies):   [*Cross out if not applicable*]

10. ~~Plaintiff was implanted with a Rejuvenate / ABG II *(cross out the one that is inapplicable)* Modular hip stem on his/her left hip on or about _____ (date), at the _____ (medical center and address), in _____, by Dr. _____.   *[Cross out if not applicable.]*~~

11. ~~Plaintiff had the left hip stem at issue explanted on _____, at _____ (medical center and address) by Dr. _____.   *[Cross out if not applicable.]*~~

12. ~~Plaintiff will have the left hip stem at issue explanted on or about _____, at _____ (medical center and address) by Dr. _____.   *[Cross out if not applicable.]*~~

13. ~~Plaintiff has not yet scheduled a surgery for explantation of the left hip implant at issue.   *[Cross out if not applicable.]*~~

## ALLEGATIONS AS TO INJURIES

14.   (a)  Plaintiff claims damages as a result of (check all that are applicable):

| | |
|---|---|
| __X__ | INJURY TO HIMSELF |
| __X__ | INJURY TO THE PERSON REPRESENTED |
| _____ | WRONGFUL DEATH |
| _____ | SURVIVORSHIP ACTION |
| __X__ | ECONOMIC LOSS |

(b)  Plaintiff's spouse claims damages as a result of (check all that are applicable):  *[Cross out if not applicable.]*

| | |
|---|---|
| __X__ | LOSS OF SERVICES |
| __X__ | LOSS OF CONSORTIUM |

15.   Plaintiff has suffered injuries as a result of implantation of the Device(s) at issue manufactured by the Defendants as shall be fully set forth in Plaintiff's anticipated Amended Complaint, as well as in Plaintiff's Fact Sheet and other responsive documents provided to the Defendant and are incorporated by reference herein.

16.   Plaintiff has suffered injuries as a result of the explantation of the Device(s) at issue manufactured by the Defendants as shall be fully set forth in Plaintiff's anticipated Amended Complaint, as well as in Plaintiff's Fact Sheet and other responsive documents provided to the Defendant and are incorporated by reference herein.  *[Cross out if not applicable.]*

17.   Defendants, by their actions or inactions, proximately caused the injuries to Plaintiff(s).

18. Plaintiff(s) could not have known that the injuries he/she suffered were as a result of a defect in the Device(s) at issue until after the date the Device was recalled from the market and the Plaintiff(s) came to learn of the recall.

19. In addition, Plaintiff could not have known that he/she was injured by excessive levels of chromium and cobalt until after the date he/she had his/her blood drawn and he/she was advised of the results of said blood-work and the fact that those blood work abnormalities were attributable to a defect in the Device(s) at issue.

**CASE-SPECIFIC ALLEGATIONS AND THEORIES OF RECOVERY**

20. The following claims and allegations are asserted by Plaintiff(s) and are herein adopted by reference (check all that are applicable):

| | |
|---|---|
| __X__ | COUNT I - NEGLIGENCE; |
| __X__ | COUNT II - NEGLIGENCE PER SE; |
| __X__ | COUNT III - STRICT PRODUCTS LIABILITY - DEFECTIVE DESIGN; |
| __X__ | COUNT IV - STRICT PRODUCTS LIABILITY – MANUFACTURING DEFECT; |
| __X__ | COUNT V - STRICT PRODUCTS LIABILITY- FAILURE TO WARN; |
| __X__ | COUNT VI - BREACH OF EXPRESS WARRANTY; |
| __X__ | COUNT VII- BREACH OF WARRANTY AS TO MERCHANTABILITY; |
| __X__ | COUNT VIII - BREACH OF IMPLIED WARRANTIES; |
| __X__ | COUNT IX - VIOLATION OF MINNESOTA DECEPTIVE ACTS AND PRACTICES, UNFAIR TRADE PRACTICES, |

    __X__    CONSUMER PROTECTION MERCHANDISING PRACTICES AND FALSE ADVERTISING ACTS

    __X__    COUNT X – VIOLATION OF CONSUMER FRAUD AND/OR UNFAIR AND DECEPTIVE TRADE PRACTICES UNDER STATE LAW;

    __X__    COUNT XI - NEGLIGENT MISREPRESENTATION

    __X__    COUNT XII - LOSS OF CONSORTIUM

    __X__    COUNT XIII – UNJUST ENRICHMENT

    _____    ~~COUNT XIV – WRONGFUL DEATH~~

In addition to the above, Plaintiff(s) assert the following additional causes of action under applicable state law:

_____

_____

_____

_____

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff(s) pray for judgment against Defendants as follows:

1. For compensatory damages requested and according to proof;

2. For all applicable statutory damages of the state whose laws will govern this action;

3. For an award of attorneys' fees and costs;

4. For prejudgment interest and costs of suit;

5. For restitution and disgorgement of profits; and,

6. For such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff(s) hereby demand(s) a trial by jury as to all claims in this action.

Date: December 8, 2021

Respectfully submitted,

SULLO & SULLO, LLP

/s/ Andrew Sullo
BY: Andrew Sullo
Texas State Bar No., 24026218
2020 Southwest Fwy., Suite 300
Houston, Texas 77098
(713) 839-9026
(713) 523-6634 (Facsimile)
Email: ASullo@sullolaw.com

LEAD COUNSEL FOR PLAINTIFF